UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY JOHNSON,<br>*individually and on behalf of all others similarly situated,*<br><br>                          Plaintiff,<br><br>-against-<br><br>ROYAL SEAS CRUISES, INC.,<br>PAUL HEYDEN, CHRISTINA HEYDEN AND MELISSA HANSON,<br><br>                          Defendants. | Civil Action No.: 16-CV-2452<br><br>**CLASS ACTION COMPLAINT AND<br>DEMAND FOR TRIAL BY JURY** |

Plaintiff ANTHONY JOHNSON ("Plaintiff"), individually, and on behalf of all those similarly situated, by and through counsel, CHARLES, PASCAL, COHEN P.C., Attorneys at Law, as and for Plaintiff's Complaint against the Defendants ROYAL SEAS CRUISES, INC. ("ROYAL"), PAUL HEYDEN, CHRISTINA HEYDEN AND MELISSA HANSON (collectively "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**NATURE OF ACTION**

1.     This action for damages arises from a debt collection agency's violations of the Telephone Consumer Protection Action, 47 U.S.C. 227 *et. seq*, and Article 22A of the General Business Law of the State of New York, NY GBL §349.

**JURISDICTION AND VENUE**

1

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 47 U.S.C. § 227 *et. seq.*, 28 U.S.C. §§1367, and 28 U.S.C. § 2201.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

4. Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202.

## PARTIES

5. At all relevant times herein, Plaintiff resided within the State of New York within the county of Nassau.

6. Plaintiff is a natural person.

7. Defendant ROYAL SEAS CRUISES, INC. is a foreign corporation maintaining offices at 1901 West Cypress Creek Rd., Suite 300, Fort Lauderdale, Florida 33309.

8. Upon Information and belief, Defendant Paul Heyden is an individual who was at all relevant times residing in the State of Florida at 4021 North East 25th Avenue in Fort Lauderdale.

9. Upon Information and belief, Defendant Christina Heyden is an individual who was at all relevant times residing in the State of Florida at 4021 North East 25th Avenue in Fort Lauderdale.

10. Upon Information and belief, Defendant Melissa Hanson is an individual who was at all relevant times residing in the State of Florida at 4021 North East 25th Avenue in Fort Lauderdale.

11. At all relevant times, Defendants Paul Heyden, Christina Heyden, and Melissa Hanson were acting as owners, officers, directors, managers and/or agents of Defendant ROYAL.

12. At all relevant times, Defendants Paul Heyden, Christina Heyden, and Melissa Hanson were vested with the responsibility to manage Defendant ROYAL.

13.     Defendants Paul Heyden, Christina Heyden, Melissa Hanson were responsible for the management and/or affairs of Defendant ROYAL.

14.     Defendants Paul Heyden Christina Heyden and Melissa Hanson were responsible for the day-to-day operations of Defendant ROYAL.

15.     At all relevant times, Defendants Paul Heyden, Christina Heyden and Melissa Hanson were responsible for the supervision of Defendant ROYAL's employees, agents and/or representatives to whom calls were routed using an automated telephone dialing system.

## FACTUAL ALLEGATIONS

16.     On May 2, 2016, Defendants called Plaintiff on Plaintiff's cellular phone at Plaintiff's cellular phone number ending in 0365.

17.     Defendants called Plaintiff using a pre-recorded automated system that caused Plaintiff's cellular phone to display "(516)206-0216" as the incoming caller identification number.

18.     Upon answering said call from telephone number (516)206-0216, Plaintiff was greeted by an artificial voice, which stated and operated as follows:

> "Hello, this is Sarah with Royal Seas Cruises on a recorded line, can you hear me ok?"
>
> Automated telephone system pause or prompt.
>
> "The reason for my call is because we are looking for qualified travelers that would like to occupy unused cabin space aboard our magnificent cruise liner and generate positive word of mouth advertising for free… All we ask in return is that you tell your family and friends about us when you get home, you can do that right?"
>
> Automated telephone system pause or prompt.
>
> "Ok, let me just ask you a couple of questions to make sure you qualify, it will only take a second then I can have you speak to the cruise specialist that can tell you more about it and also answer any questions you have."
>
> Automated telephone system pause or prompt.
>
> "First off I need to verify that you are above eighteen years of age, correct?"

3

    Automated telephone system pause or prompt.

"And you would like to travel some time within the next eighteen months, right?"

    Automated telephone system pause or prompt.

"Now, in order to board the cruise, you will need a credit card or a debit card in your name. You have one, correct?"

    Automated telephone system pause or prompt.

"Great! This looks really good. Congratulations you do qualify for the free cruise. "Now you will be responsible for your governmental port fees of fifty-nine dollars, but I just want to tell you that there is nothing like a cruise to the Bahamas, so I'm going to place you on a brief hold to connect you with a cruise specialist, but I'll stay on the line to make sure that you are connected."

19.  Plaintiff is not a customer of any off the defendants named herein, and has not provided any personal information, including cellular or home telephone number, to Defendants; nor has Plaintiff purchased or used any goods or services offered by Defendants.

20.  Defendant used a software/hardware system in this instance that permitted it to call Plaintiff without human intervention.

21.  Defendant regularly uses a software/hardware system that permits it to call consumers without human manipulation.

22.  Upon information and belief, all calls placed by Defendants to Plaintiff utilized an automatic telephone dialing system (ATDS) as defined by 47 U.S.C. § 227(a)(1).

23.  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24.  These calls made by Defendants to Plaintiff's cellular and landline telephones utilized an artificial or prerecorded voice.

25.     Said calls were not for an emergency purpose and were not made with prior consent from the Plaintiff.

26.     On numerous occasions, Plaintiff has requested that Defendants refrain from calling Plaintiff's cellular and landline telephones.

27.     These telephone calls by Defendant, or its agent, violated the TCPA.

28.     At all relevant times herein, Defendants knew or had reason to know that it was obligated to comply with the provisions of the TCPA.

### Count I: Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 *et. seq.*

29.     Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

30.     Without the prior express consent of Plaintiff, Defendants made telephone calls to Plaintiff using an artificial or prerecorded voice to deliver a message in violation of 47 U.S.C. 227b(1)(A).

31.     Plaintiff and Defendant did not and does not have an established business relationship.

32.     Defendant did not contact Plaintiff for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(B).

33.     The foregoing acts and omissions of Defendants or its agents constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

**Count II: Violations of the New York GBL § 349**

34.     Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

35.     The acts, practices, and conduct engaged in by Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL §349.

36.     Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, anger, anxiety, and frustration caused by Defendants.

37.     By virtue of the foregoing, Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

**CLASS ACTION ALLEGATIONS**

38.     Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

39.     Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> Excluding persons who, prior to the date this action is certified to proceed as a class action, either (a) died, (b) commenced an action in any court against Defendants alleging a violation of the Telephone Consumer Protection Act, (c) signed a general release of claims against Defendants, (d) persons who Defendant's records show that they gave consent directly to Defendant to call their cellular telephone number corresponding to the (312) area code prior to Defendant first placing a call with its automatic telephone dialing system and left a prerecorded voice message in the form received by Plaintiff, and (e) is a Judge assigned to this case or member of such Judge's staff or immediate family, the Class consists of;

6

> All persons called by Royal Seas Cruises, Inc., using an automatic telephone dialing system with a prerecorded artificial voice message or that left a prerecorded message, with the same or similar content as the prerecorded voice message complained of in paragraphs 19 above, where the call was placed to the person's cellular telephone number corresponding to the (516) area code from May 2, 2012, through May 2, 2016, for commercial purposes or for the purpose of selling a cruise.

40. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Telephone Consumer Protection Act.

41. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

42. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The TCPA statutory scheme provides for statutory damages payable to each class member.

44. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

45. Plaintiff's claims are typical of the claims of the members of the Class.

46. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

47. Plaintiff does not have interests antagonistic to those of the Class.

48. The Class, of which Plaintiff is a member, is readily identifiable.

49. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation.

50. Proposed Class Counsel have investigated and identified potential claims in the action;

7

have experience in handling consumer claims of the type asserted in this action.

51. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

52. Plaintiff does not anticipate any difficulty in the management of this litigation.

## DEMAND FOR TRIAL BY JURY

53. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, demands judgment from the Defendant as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Charles, Pascal, Cohen, P.C. as class counsel;

B. For damages in favor of Plaintiff pursuant to 47 U.S.C. 227(b)(3)(B) and (C);

C. For damages, trebled, in favor of Plaintiff pursuant to NY GBL § 349.

D. For pre-judgment and post-judgment interest;

E. For a declaration that the Defendant's practices violated the TCPA;

F. For injunctive relief; and

G. For such other and further relief as the Court deems equitable, just and proper.

Date: May 2, 2016

>Respectfully submitted,
>
>*/s/ Shawn Cohen*
>Shawn Cohen, Esq.
>**CHARLES, PASCAL, COHEN P.C.**
>405 RXR Plaza
>Uniondale, NY 11556
>P (516)522-0677
>F (516)706-1978
>contact@cpcohen.com
>*Attorney for Plaintiff*